UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACOB SCHWEIGL,

          Plaintiff,

    v.                                      Case No. 25-CV-207

VILLAGE OF CLEVELAND,
STACY GRUNWALD,
and JAKE HOLZWART,

          Defendants.

## DECISION AND ORDER

**1. Background**

Jacob Schweigl began working as a police officer for the Village of Cleveland in September 2014. (ECF No. 1, ¶ 12.) He aimed to become the village's chief of police and pursued training toward that end. (ECF No. 1, ¶ 14.) He became Officer-In-Charge (OIC) in October 2022. (ECF No. 1, ¶ 16.) Village President Jake Holzwart voted to increase Schweigl's compensation in light of the promotion, but the village never actually increased his salary. (ECF No. 1, ¶ 17.)

In November 2020, Schweigl began to voice concerns about the police department's leadership and its Chief of Police, Timothy Barber. (ECF No. 1, ¶ 18.) This led to Schweigl becoming "the subject of unwarranted scrutiny." (ECF No. 1, ¶ 18.) "Schweigl frequently reported concerns regarding alleged time theft and

unethical and unsafe activity within the Department to" Stacy Grunwald, the Director of Village Services. (ECF No. 1, ¶ 19.) Grunwald did not investigate Schweigl's reports but "instead fabricated allegations against Schweigl that were proven to be meritless." (ECF No. 1, ¶ 20.)

The village began the process to hire a new police chief in October 2022. (ECF No. 1, ¶ 23.) When an internal promotion process resulted in Schweigl being the only candidate, Grunwald and Holzwart changed the process and began looking for outside candidates. (ECF No. 1, ¶ 24.) Schweigl again applied, leading to Grunwald to express her opposition to the prospect of him being promoted. (ECF No. 1, ¶ 27.)

The village offered the position of Chief of Police to Dan Ried. (ECF No. 1, ¶ 32.) It then terminated Schweigl's position, blaming budget cuts. (ECF No. 1, ¶ 35.) Schweigl alleges that his termination was inconsistent with state law, which required laying off part-time officers before a fulltime officer like himself. (ECF No. 1, ¶ 39.)

Ried soon resigned as police chief, citing the village's failure to have Schweigl assist him, which Ried said was a condition of him taking the job. (ECF No. 1, ¶ 43.) He also noted that Grunwald had consistently expressed her dislike for Schweigl and how if he had become chief, she would quit. (ECF No. 1, ¶ 45.)

Schweigl filed this action on February 11, 2025. Although framed as three causes of action, they are perhaps best characterized as three iterations of the same claim. He alleges that the village (first cause of action) as well as Holzwart and Grunwald in their official (second cause of action) and individual (third cause of

action) capacities violated his right to equal protection. (ECF No. 1, ¶¶ 52-71.) Specifically, Schweigl alleges that the village deprived him of his right to continued employment, to be considered for the Chief of Police position, to be retained as a part-time police officer, and to be maintained on a call-back list for two years. (ECF No. 1, ¶ 53-57.) He makes the same claims against Grunwald and Holzwart except that as to his interest in the Chief of Police position he alleges he had a right to be "hired" as chief, not merely "considered" for the position. (ECF No. 1, ¶¶ 59-64, 66-71.)

The defendants have moved to dismiss the complaint. (ECF No. 8.) That motion is ready for resolution. The court has jurisdiction under 28 U.S.C. § 1331.

## 2. Motion to Dismiss

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must, at a minimum, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

In evaluating a motion to dismiss under Rule 12(b)(6), courts must "accept the well-pleaded facts in the complaint as true"; however, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir.

2011). Courts also "draw all reasonable inferences from these facts in favor of the plaintiff." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)

While a plaintiff is not required to plead detailed factual allegations, there must be more than labels and conclusions. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (holding that a complaint must provide sufficient facts to raise a right to relief above the speculative level, and mere labels or formulaic recitations are insufficient under Rule 12(b)(6)). Nevertheless, a complaint "need not allege each evidentiary element of a legal theory to survive a motion to dismiss." *Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019) (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510–14 (2002)).

### 3. Analysis

The defendants argue that Schweigl's equal protection claims fail because the Supreme Court rejected such class-of-one equal protection claims in the public employment context. (ECF No. 9 at 5-6.)

The "traditional view" is that "core concern of the Equal Protection Clause" is its function "as a shield against arbitrary classifications …." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 598 (2008). "To state an equal protection claim on a class-of-one theory, a plaintiff must allege that he has been 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Forgue v. City of Chi.*, 873 F.3d 962, 968 (7th Cir. 2017) (quoting *Engquist*, 553 U.S. at 601-02).

Employment inherently involves "discretionary decision making based on a vast array of subjective, individualized assessments." *See Engquist*, 553 U.S. at 603. Consequently, the fact that a local government may treat its employees differently is an accepted consequence of the discretion granted any employer. *Id.* "Thus, the class-of-one theory of equal protection—which presupposes that like individuals should be treated alike, and that to treat them differently is to classify them in a way that must survive at least rationality review—is simply a poor fit in the public employment context." When a government employer treats its employees differently, the employer is merely exercising "the broad discretion that typically characterizes the employer-employee relationship." *Id.* at 605. It is not a classification that raises equal protection concerns. *Id.* "To allow a class-of-one challenge in these circumstances 'would undermine the very discretion that such state officials are entrusted to exercise.'" *Forgue*, 873 F.3d at 968 (quoting *Engquist*, 553 U.S. at 603). "[T]he prohibition on class-of-one claims in the public employment context is categorical." *Geinosky v. City of Chi.*, 675 F.3d 743, 747 (7th Cir. 2012).

In response to the defendants' motion to dismiss Schweigl asserts that he does not allege a class-of-one equal protection claim; he alleges a procedural due process claim. (ECF No. 12 at 7.) Except that he does not. The phrase "due process" appears nowhere in Schweigl's complaint. Nor is there anything that would suggest that he intends to allege that his procedural due process rights were violated. Insofar as Schweigl may intend to allege a substantive due process claim, again, no such allegations are contained in the complaint. His causes of action are titled

"Deprivation of Equal Protection" and "Equal Protection Claims." Equal protection and due process are not merely different theories to sustain a claim under the Fourteenth Amendment, but rather equal protection, substantive due process, and procedural due process are distinct claims. *Cf. Markadonatos v. Vill. of Woodridge*, 739 F.3d 984, 988 (7th Cir. 2014) (discussing the distinction between procedural and substantive due process claims).

Insofar as Schweigl argues that his complaint contains an equal protection claim distinct from the class-of-one claim rejected in *Enquist*, his arguments appear to rely on a conflation of equal protection and due process. For example, he contends that the defendants' failure to comply with layoff procedures set forth in state law violated equal protection. (ECF No. 12 at 8.) Such a claim implicates due process, not equal protection. Any argument that Schweigl was singled out for different treatment in violation of the equal protection clause is simply a class-of-one claim that the Court foreclosed in *Enquist*.

Although Schweigl presents due process claims in response to the defendants' motion, a plaintiff cannot amend his complaint through a response to a motion to dismiss. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). With the only claims alleged in his complaint categorically foreclosed by the Court's decision in *Engquist*, the court will grant the defendants' motion to dismiss.

Because Schweigl has failed to state a claim upon which relief can be granted, the defendants' alternative arguments are not properly before the court. *See Thomas*

*v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023) (noting that a *Monell* claim requires a plausible claim that the plaintiff was deprived of a constitutional right); *Taylor v. City of Milford*, 10 F.4th 800, 806 (7th Cir. 2021) (noting that qualified immunity is an affirmative defense).

Nonetheless, after granting a motion to dismiss, the court ordinarily must grant a plaintiff a chance to file an amended complaint before dismissing the action. *See NewSpin Sports, Ltd. Liab. Co. v. Arrow Elecs., Inc.*, 910 F.3d 293, 310 (7th Cir. 2018) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015)). Therefore, the plaintiff must file any amended complaint within 14 days of the date of this order.

4. Conclusion

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss (ECF No. 8) is **granted**. The plaintiff shall file any amended complaint within **14 days**. If the plaintiff does not file an amended complaint within 14 days, this action will be dismissed, and the Clerk will enter judgment accordingly.

Dated at Green Bay, Wisconsin this 2nd day of September, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge