UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACOB SCHWEIGL,

              Plaintiff,

     v.                                                   Case No. 25-CV-207

VILLAGE OF CLEVELAND,
STACY GRUNWALD,
and JAKE HOLZWART,

              Defendants.

## DECISION AND ORDER

The Village of Cleveland, Wisconsin, terminated Jacob Schweigl as a police officer, citing budget cuts. (ECF No. 15, ¶ 6.) Schweigl alleges that by firing him—a fulltime officer—over part-time police officers and not maintaining him "on an eligible reemployment list for a period of 2 years," his termination violated Wis. Stat. § 62.13(5m). This failure to comply with state law, Schweigl argues, thus violated his right to due process under the Fourteenth Amendment.

Schweigl brought this action against the village, its Director of Village Services Stacy Grunwald, and the Village Board President Jake Holzwart. In his initial complaint Schweigl alleged only equal protection claims. Because the claims in his original complaint were foreclosed by the Supreme Court's decision in *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 598 (2008), the court granted the

defendants' motion to dismiss. *Schweigl v. Vill. of Cleveland*, No. 25-CV-207, 2025 LX 312971 (E.D. Wis. Sep. 2, 2025). The court, however, allowed Schweigl the opportunity to file an amended complaint. Schweigl has done so, now presenting only procedural due process claims. (ECF No. 15.) The defendants have asked the court to dismiss that amended complaint. (ECF No. 16.)

"To plead a procedural due-process claim, [a plaintiff] must allege a cognizable property interest, a deprivation of that interest, and a denial of due process." *Palka v. Shelton*, 623 F.3d 447, 452 (7th Cir. 2010). "A protected property interest in a benefit such as government employment is 'more than an abstract need or desire' for the benefit; a person 'must … have a legitimate claim of entitlement to it.'" *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 360 (7th Cir. 2005) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). "[S]pecifically, the plaintiff must have 'a legitimate claim of entitlement not to lose a valuable governmental benefit except for cause.'" *Palka*, 623 F.3d at 452 (quoting *Lee v. County of Cook*, 862 F.2d 139, 141 (7th Cir. 1988)); *see also Cheli v. Taylorville Cmty. Sch. Dist.*, 986 F.3d 1035, 1039 (7th Cir. 2021). To state a claim, the plaintiff must point to the specific authority—whether it is a statute, ordinance, or particular provision of a collective bargaining agreement—that "contained a promise of continued employment." *See Palka*, 623 F.3d at 452.

"Property interests are not created by the Constitution but rather 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 904 (7th Cir. 2011) (quoting *Roth*, 408 U.S. at 577); *see also*

*Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007); *Kiddy-Brown*, 408 F.3d at 360. "Under Wisconsin law, employment at will is the rule. Absent civil service regulations or laws, or a contract or collective bargaining agreement, a municipal employee is an employee at will and has no property interest in employment." *Vorwald v. Sch. Dist. of River Falls*, 167 Wis. 2d 549, 557, 482 N.W.2d 93, 93 (1992); *see also Cole*, 634 F.3d at 904; *Listenbee v. Milwaukee*, 976 F.2d 348, 351 (7th Cir. 1992).

Schweigl's claims rest on the premise that his firing violated Wis. Stat. § 62.13(5m). (ECF No. 15, ¶¶ 38-40, 52-53, 61-62, 70-71.) That statute, however, is found in Chapter 62 of the Wisconsin Statutes, which is titled "Cities." The statute likewise repeatedly refers to cities and makes no material reference to villages (aside from stating that a city can partner with a village to provide police and fire services). It is Chapter 61 of the Wisconsin Statutes that applies to villages like Cleveland. The subsection of Chapter 61 addressing village police departments incorporates some of the provisions that apply to cities under Chapter 62. It does not, however, contain any reference to Wis. Stat. § 62.13(5m).

Nonetheless, Schweigl notes that Wis. Stat. § 61.65(1)(am)2[1] requires that a commissioner established to oversee a village police department in place of a board of police and fire commissioners "shall act under s. 62.13 (5)." Schweigl argues that by referring to Wis. Stat. § 62.13(5), the statute also incorporates Wis. Stat. § 62.13(5m) because it is a "subset" of Wis. Stat. § 62.13(5). (ECF No. 18 at 5-6.)

---

[1] This statute applies because the village established a police review commissioner. *See* Village Ordinance § 2-4-6, available at https://library.municode.com/wi/cleveland/codes/code_of_ordinances.

Schweigl offers no authority for his novel argument that (5m) is a subpart of (5), and for good reason—it is incorrect. Schweigl's conclusion is not only unsupported by a plain reading of the statute, it is also expressly rejected by Wis. Stat. § 35.18(3). As that statute makes plain, subsections designated by a number and a letter (such as "(5m)") are independent subsections, not a subpart of a preceding subsection (such as "(5)").

Wisconsin's statutes are divided hierarchically into chapters, sections, subsections, paragraphs, subdivisions (and then subdivisions can be further divided into paragraphs if necessary). Wis. Stat. § 35.18(3). "Each subsection shall be designated by a number, or by a number and a letter of the alphabet, enclosed in parentheses." Wis. Stat. § 35.18(3). Thus, (5) and (5m) of chapter 62, section 13 of the Wisconsin Statutes are each subsections. That one added an "m" within the parentheses does not render it a subpart of its predecessor. Portions of a statute that include either a number alone or a number together with a letter within parentheses are equally subsections. *See* Wis. Stat. § 35.18(3). Thus, as a matter of basic statutory construction, the reference to Wis. Stat. § 62.13(5) in Wis. Stat. § 61.65(1)(am)2 cannot be read as including the distinct subsection Wis. Stat. § 62.13(5m).

There was a time when Wis. Stat. § 62.13(5m), which has been in effect since 1933, *see* § 1, ch. 58, Wis. Sess. Laws (1933-34), appeared to apply to villages. For example, earlier statutes stated that villages were subject to the entirety of Wis. Stat. § 62.13 in their management of their police departments. *See, e.g.*, Wis. Stat. § 61.65(3g) (1981-1982); Wis. Stat. § 61.65(1) (1941-42). But when the legislature

amended Wis. Stat. § 61.65 to bring it largely into its current form, it required villages to follow only the procedures under Wis. Stat. § 62.13(5). *See* 85 Wis. Act 166, § 2. The court cannot interpret the omission of Wis. Stat. § 62.13(5m), which had been in force for more than half a century by that point, as anything other than intentional.

That the legislature chose to not make Wis. Stat. § 62.13(5m) applicable to villages is reasonable and rational. Villages tend to be smaller than cities and thus can be expected to have smaller police or fire departments. Smaller departments may require greater flexibility in reducing their staffing. The legislature may have reasonably concluded it did not want to tie the hands of villages by dictating the manner in which staff reductions must proceed. On the other hand, Wis. Stat. § 62.13(5) deals with the distinct matter of discipline.

Thus, Wis. Stat. § 62.13(5m), on which Schweigl's due process claims rely, is inapplicable because it applies only to cities whereas Schweigl was employed by a village. Because Wis. Stat. § 62.13(5m) did not apply to Schweigl's employment with the Village of Cleveland, the statute did not give Schweigl a property interest in his continued employment. Schweigl alleges no other way by which he may have had a property interest in his continued employment. Without a property interest, his due process claims fail, and the court must dismiss his amended complaint. *See Cheli*, 986 F.3d at 1039.

The plaintiff now having tried unsuccessfully twice to state a claim related to the termination of his employment, the court will also dismiss this action. Because the court has no reason to suspect that Schweigl may be able to state a claim if given

a third chance to do so, the court will dismiss the action with prejudice. *See Ronald D. Fosnight & Paraklese Techs., LLC v. Jones*, 41 F.4th 916, 925 (7th Cir. 2022).

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss (ECF No. 16) is **granted**, and the plaintiff's amended complaint and this action are **dismissed with prejudice**. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 10th day of November, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge